56 F.3d 74
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Carlos Javier MARULANDA, Defendant-Appellant.
 No. 94-10089.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 11, 1995.
Decided May 30, 1995.
 
 1
 Before: CUMMINGS*, SCHROEDER, and RYMER, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Carlos Marulanda appeals from his conviction for conspiracy to import and distribute cocaine, 21 U.S.C. Secs. 846 and 963, based primarily on the ground that evidence of other conspiracies was improperly admitted at his trial. We have jurisdiction and affirm.
 
 
 4
 * Marulanda argues that this court's reversal of his prior conviction on the ground that the charged wheel conspiracy lacked a rim precludes the introduction of evidence of the existence of some of the other spokes on the ground of collateral estoppel. We disagree.
 
 
 5
 Whether prior litigation bars litigation of a fact in a subsequent criminal trial depends upon whether the issue was necessarily determined in the first case. Pettaway v. Plummer, 943 F.2d 1041, 1044 (9th Cir. 1991), cert. denied, 113 S.Ct. 296 (1992). We review the question of collateral estoppel, as encompassed within double jeopardy, de novo. United States v. Seley, 957 F.2d 717, 720 (9th Cir. 1992).
 
 
 6
 This court's previous disposition did not conclude that there was insufficient evidence to find the existence of other spokes, but only of the rim. While we said that the government had failed to show "any link" to the other transactions, it was in the context of the standard for proving a rim. The district court did not err in refusing to exclude the evidence on the basis of collateral estoppel.
 
 II
 
 7
 Marulanda contends that evidence of the other spokes (in which he was not involved) created a de facto variance from the indictment. The only case he cites is one that, like his original trial and reversal, involved a charge of a wheel conspiracy and a question of whether there was evidence to support a rim. United States v. Kenny, 645 F.2d 1323 (9th Cir.), cert. denied, 101 S.Ct. 3059 (1981) (holding rim adequately established). Here, however, Marulanda was indicted for a spoke, and contends the evidence improperly included other spokes. There is only a variance if no rational jury could have found the elements of the crime charged beyond a reasonable doubt. United States v. Abushi, 682 F.2d 1289, 1293 (9th Cir. 1982). If the variance between the indictment and the proof affects the substantive rights of the parties, then it is prejudicial and warrants reversal. Kenny, 645 F.2d at 1334.
 
 
 8
 The indictment charged Marulanda with conspiring to import, possess and distribute cocaine from September 1, 1989 through October 6, 1989. The instructions told the jury the charges, that "[t]he defendant is on trial only for the ... crimes charged in the indictment," and that the government was required to prove beyond a reasonable doubt that the offenses were committed on a date reasonably near the date charged in the indictment. The proof sufficed for the jury to find beyond a reasonable doubt that Marulanda was guilty of the crime charged. Evidence of other spokes did not affect his substantive rights and there was no reversible variance.
 
 III
 
 9
 Marulanda contends that as the evidence of the behavior of others involved criminal activity, it had to be excluded under Federal Rules of Evidence 404(b) and 403. The evidence was properly admitted to show his knowledge and purpose; and the jury was given a proper limiting instruction. There was no abuse of discretion.
 
 IV
 
 10
 Marulanda's first claim of prosecutorial misconduct, that the government offered evidence barred by our prior decision, fails for reasons already stated.
 
 
 11
 Marulanda complains that the AUSA's closing argument improperly used the guilty pleas of others as substantive evidence of Marulanda's guilt, and that the court erred by not giving a limiting instruction. Marulanda's only objection on this ground was sustained, and he requested no limiting instruction. In any event, the AUSA referred to the guilty pleas to support the veracity of Munizaga by showing that others pled guilty to a related conspiracy on the basis of information furnished by the same informant. Acevedo and Narvaez, who made the pleas that are most relevant to the dispute, also testified as to their conduct and the conduct of Marulanda. While the government should not have mentioned Betty's guilty plea, as there was no evidence of it in the record, Marulanda failed to object. To the extent there was no objection, our review is for plain error, United States v. Necoechea, 986 F.2d 1273 (9th Cir. 1993), and we see none considering the remarks under the totality of circumstances.
 
 
 12
 Marulanda also contends that during closing argument the government improperly vouched for witnesses; however, the defense opened the door and the government's response was not inappropriate. United States v. McChristian, 47 F.3d 1499, 1506 (9th Cir. 1995). See United States v. Flake, 746 F.2d 535, 540-41 (9th Cir. 1984), cert. denied, 469 U.S. 1225 (1985).
 
 
 13
 Marulanda next contends that the AUSA improperly commented on the role of the jury. Again, the comment was invited and within the instructions properly given by the judge that the jury's job was to determine guilt, not punishment. Cf. Evalt v. United States, 359 F.2d 534, 545-46 (9th Cir. 1966) (argument to convict for protection of society improper where sole defense was insanity).
 
 
 14
 We conclude that none of these alleged errors, considered singly or in combination, merits reversal.
 
 
 15
 AFFIRMED.
 
 
 
 *
 Honorable Walter J. Cummings, United States Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3